UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,

v.

NURSE FLOREZ, et al.,

    Defendants.

Case No. 20-cv-04000-YGR (PR)

**ORDER OF SERVICE**

### I. INTRODUCTION

Plaintiff, a state prisoner currently incarcerated at Kern Valley State Prison, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He alleges violations of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison ("SVSP"), where he was formerly incarcerated. Dkt. 1.

The Court will grant his motion for leave to proceed *in forma pauperis* in a separate written Order.

In his complaint, Plaintiff names the following Defendants at SVSP: Nurse Florez, Correctional Officers Alba, Villianueva/Villanueva,[1] and Carrillo. Dkt. 1 at 3.[2] Plaintiff seeks compensatory and punitive damages. *Id.* at 18.

Venue is proper because certain events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

### II. DISCUSSION

#### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

---

[1] Plaintiff spells this Defendant's name as "Villianueva," but the Court will also include common spelling of "Villanueva."

[2] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

1  redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
2  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims
3  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek
4  monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).
5  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*,
6  901 F.2d 696, 699 (9th Cir. 1988).

7  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
8  claim showing that the pleader is entitled to relief."  To comport with Rule 8, "[s]pecific facts are
9  not necessary; the statement need only give the defendant fair notice of what the . . . claim is and
10 the grounds upon which it rests*."  Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
11 Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
12 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
13 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
14 do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."
15 *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
16 proffer "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  The United
17 States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal
18 conclusions can provide the complaint's framework, they must be supported by factual
19 allegations.  When there are well-pleaded factual allegations, a court should assume their veracity
20 and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*,
21 556 U.S. 662, 679 (2009).

22 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
23 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
24 the alleged violation was committed by a person acting under color of state law.  *See West v.*
25 *Atkins*, 487 U.S. 42, 48 (1988).

26 A supervisor may be liable under section 1983 upon a showing of personal involvement in
27 the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful
28 conduct and the constitutional violation.  *Redman v. County of San Diego*, 942 F.2d 1435, 1446

(9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman*, 942 F.2d at 1446; *see Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001).

**B.  Legal Claims**

Plaintiff, who is a "full-time . . . wheelchair user," alleges multiple claims, which the Court has summarized as the following: (1) a claim of deliberate indifference to his safety needs in violation of his Eighth Amendment rights, stemming from a May 20, 2019 incident in which he was attacked by two other inmates at SVSP (who he describes as unnamed "housing unit workers known as porters"), and Plaintiff has adequately linked all the named Defendants to his claim for failing to intervene during the attack; (2) a claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from the failure to properly treat his injuries stemming from the May 20, 2019 incident, and Plaintiff has adequately linked all the named Defendants to his claim; (4) a claim for retaliation based on the named Defendants' failure to protect Plaintiff from being assaulted during the May 23, 2020 incident because Plaintiff filed grievances against other prison staff members; and (5) state law claims, including "other violations of mandatory duties imposed on Defendants." Dkt. 1 at 4-17.

Plaintiff has stated a cognizable First Amendment retaliation claim as well as a cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical needs against all named Defendants.  The Court will exercise supplemental jurisdiction over Plaintiff's state law claims, including "other violations of mandatory duties imposed on Defendants."

**III.  CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff has stated a cognizable First Amendment retaliation claim as well as a cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical

3

needs against all named Defendants.

2. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims, including "other violations of mandatory duties imposed on Defendants."

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants at SVSP: **Nurse Florez; and Correctional Officers Alba, Villianueva/Villanueva, and Carrillo.** The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be required to bear the cost of such service unless good cause can be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

   a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be

4

1  supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil
2  Procedure 56, and must include as exhibits all records and incident reports stemming from the
3  events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[3] notice so
4  that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to
5  oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
6  in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for
7  failure to exhaust available administrative remedies must be accompanied by a similar notice.
8  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
9  exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule
10 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
11 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,
12 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the
13 Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
14 unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the
15 complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary
16 judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to Plaintiff
17 shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56.  *Id.*  But if
18 material facts are disputed, summary judgment should be denied and the district judge, rather than a
19 jury, should determine the facts in a preliminary proceeding.  *Id.* at 1168.

20         If Defendants are of the opinion that this case cannot be resolved by summary judgment,
21 Defendants shall so inform the Court prior to the date the summary judgment motion is due.  All
22 papers filed with the Court shall be promptly served on Plaintiff.

23         b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
24 and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'
25 motion is filed.

26         c.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the

---

[3] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5

Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again

1    concurrently with motions to dismiss for failure to exhaust available administrative remedies and
2    motions for summary judgment. *Woods*, 684 F.3d at 935.)

3           d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the
4    date Plaintiff's opposition is filed.

5           e.      The motion shall be deemed submitted as of the date the reply brief is due.
6    No hearing will be held on the motion unless the Court so orders at a later date.

7    6.      Discovery may be taken in this action in accordance with the Federal Rules of Civil
8    Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose
9    Plaintiff and any other necessary witnesses confined in prison.

10   7.      All communications by Plaintiff with the Court must be served on Defendants or
11   Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to
12   them.

13   8.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
14   informed of any change of address and must comply with the Court's orders in a timely fashion.
15   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
16   while an action is pending must promptly file a notice of change of address specifying the new
17   address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
18   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
19   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
20   *se* party indicating a current address. *See* L.R. 3-11(b).

21   9.      Upon a showing of good cause, requests for a reasonable extension of time will be
22   granted provided they are filed on or before the deadline they seek to extend.

23           IT IS SO ORDERED.

24   Dated: January 15, 2021

25                                           _____
26                                           JUDGE YVONNE GONZALEZ ROGERS
                                             United States District Judge