UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY ASBERRY,

    Plaintiff,

  v.

NURSE FLOREZ, et al.,

    Defendants.

Case No. 20-cv-04000-YGR (PR)

**ORDER GRANTING DEFENDANTS'
MOTION TO REVOKE *IN FORMA
PAUPERIS* STATUS; AND
DISMISSING ACTION WITHOUT
PREJUDICE**

## I. INTRODUCTION

Plaintiff, an inmate currently incarcerated at the California Substance Abuse and Treatment Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Dkt. 1.  He alleges violations of his constitutional rights by prison officials and medical staff at Salinas Valley State Prison ("SVSP"), where he was formerly incarcerated.  *Id.* at 4-17.  In his complaint, plaintiff names the following defendants at SVSP: Nurse Florez, Correctional Officers Alba, Villanueva, and Carrillo.  *Id.* at 3.  Plaintiff seeks compensatory and punitive damages.  *Id.* at 18.  Plaintiff was previously granted leave to proceed *in forma pauperis* ("IFP").  Dkt. 5.

The parties are presently before the Court on defendant Villanueva's motion to revoke plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 12.  Defendants Florez, Alba, and Carrillo have filed motions to join defendant Villanueva's motion.  Dkts. 18, 22, 24.  Defendants Florez, Alba, and Carrillo motions are GRANTED, and the joinder is accepted.

Also pending before this Court are pending motions filed by defendants Villanueva, Florez, Alba, and Carrillo (hereinafter "defendants") requesting extensions of time to file responsive pleadings to the complaint pending the Court's ruling on the motion to revoke plaintiff's IFP status.  Dkts. 13, 19, 21, 25.

Having read and considered the papers submitted, and being fully informed, the Court GRANTS defendants' motion to revoke plaintiff's IFP status and to dismiss the action for the reasons set forth below, and it terminates all other remaining pending motions as moot.

United States District Court
Northern District of California

## II.   BACKGROUND

As mentioned above, on January 15, 2021, the Court granted plaintiff's motion for leave to proceed IFP.  Dkt. 5.  On the same date, the Court issued an Order of Service.  Dkt. 6.  The following background is taken from the Court's January 15, 2021 Order, which states as follows:

> Plaintiff, who is a "full-time . . . wheelchair user," alleges multiple claims, which the Court has summarized as the following: (1) a claim of deliberate indifference to his safety needs in violation of his Eighth Amendment rights, stemming from a May 20, 2019 incident in which he was attacked by two other inmates at SVSP (who he describes as unnamed "housing unit workers known as porters"), and Plaintiff has adequately linked all the named Defendants to his claim for failing to intervene during the attack; (2) a claim of deliberate indifference to Plaintiff's serious medical needs in violation of his Eighth Amendment rights, stemming from the failure to properly treat his injuries stemming from the May 20, 2019 incident, and Plaintiff has adequately linked all the named Defendants to his claim; (4) a claim for retaliation based on the named Defendants' failure to protect Plaintiff from being assaulted during the May 23, 2020 incident because Plaintiff filed grievances against other prison staff members; and (5) state law claims, including "other violations of mandatory duties imposed on Defendants."  Dkt. 1 at 4-17.

> Plaintiff has stated a cognizable First Amendment retaliation claim as well as a cognizable Eighth Amendment claims for deliberate indifference to his safety and serious medical needs against all named Defendants.  The Court will exercise supplemental jurisdiction over Plaintiff's state law claims, including "other violations of mandatory duties imposed on Defendants."

Dkt. 6 at 3.

As mentioned above, defendants are requesting the Court revoke plaintiff's IFP status under 28 U.S.C. § 1915(g) and to dismiss the instant action.  Dkt. 12.  Even though plaintiff was given the opportunity to file an opposition, he did not do so.

## III.   DISCUSSION

### A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

United States District Court
Northern District of California

1  Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as

2  after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

3       Section 1915(g) is commonly referred to as the "three strikes rule." The three strikes rule

4  "requires so-called 'frequent filer' prisoners to prepay the entire filing fee before federal courts

5  may consider their civil actions and appeals." *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir.

6  2001).

7       For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to

8  state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

9  Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is

10 "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to

11 a case "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113,

12 1121 (9th Cir. 2005) (citation omitted) ("*Andrews I*"). Only cases within one of these three

13 categories can be counted as strikes for section 1915(g) purposes. *See id.* Dismissal of an action

14 under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an

15 [earlier] action, and other relevant information, the district court determines that the action was

16 dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

17      *Andrews I* requires that the prisoner be given notice of the potential applicability of

18 section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear

19 the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.* A

20 defendant seeking to challenge a prisoner's IFP status has the burden of producing evidence that

21 allows the district court to conclude that the prisoner plaintiff has suffered at least three prior

22 dismissals that count as strikes under section 1915(g). *Id.* at 1120. Once the defendants have met

23 this initial burden, the burden shifts to the prisoner to show why a prior dismissal should not count

24 as a strike, or why he is entitled to the imminent danger of serious physical injury exception. *Id.*

25      A dismissal under section 1915(g) means that a prisoner cannot proceed with an action as a

26 pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the

27 outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming

28 district court's denial of IFP status; dismissing complaint without prejudice per section 1915(g)).

**B.    Plaintiff's Prior "Strikes"**

Defendants allege that plaintiff has filed, while incarcerated, at least three actions in the United States District Court for the Southern District of California that were dismissed on the basis that they were frivolous, malicious, or failed to state claim.  At the time plaintiff was granted leave to proceed IFP, the Court was unaware that plaintiff had filed any of these cases or the basis of the dismissals of any such cases in other districts, i.e., the United States District Court for the Southern District of California.

This Court GRANTS defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g).[1]  Dkt. 26.  Defendants argue that the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Asberry v. Cate, et al.*, No. 3:13-cv-00055-MMA-DHB (S.D. Cal. Mar. 28, 2013) (voluntarily dismissed by plaintiff after district court previously dismissed it for failure to state a claim upon which relief may be granted); (2) *Asberry v. Cate, et al.*, No. 3:13-cv-3006-CAB-RBB (S.D. Cal. Dec. 27, 2013) (dismissed for failure to file timely amended complaint after original complaint was dismissed as frivolous and for failure to state a claim as a matter of law); (3) *Asberry v. Cate, et al.*, No. 3:13-cv-02573-WQH-JLB (S.D. Cal. Oct. 28, 2014) (dismissed for failure to file timely third amended complaint after second amended complaint was dismissed for failure to state a claim as a matter of law); and (4) *Asberry v. Godinez, et al.*, No. 3:19-cv-00153-DMS-RBB (S.D. Cal. Apr. 15, 2019) (denying request to proceed IFP based on plaintiff accumulated three strikes before filing lawsuit; dismissing complaint as frivolous).  *See* Dkt. 12 at 6-7; Dkt. 34-1 at 3-72 (Exs. A-D).

Although defendants have attempted to list four prior dismissals, only three prior dismissals need qualify under section 1915(g).  This Court must review at least three dismissals to determine whether they qualify as strikes under section 1915(g).  *See Andrews I*, 398 F.3d at 1121.

---

[1] The district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in section 1983 action of five prior cases in which plaintiff was *pro se* litigant, to counter her argument that she deserved special treatment because of her *pro se* status).

1    Here, the Court will review all four aforementioned dismissals, which were all entered before the

2    instant action was brought by plaintiff on June 16, 2020, in order to determine whether they may

3    be counted as dismissals for purposes of section 1915(g).  As further explained below, three of

4    these four dismissals qualify as "strikes" under section 1915(g).  *See id.*

5          **1.  Case No. 3:13-cv-00055-MMA-DHB – Voluntary Dismissal Not Strike**

6          In Case No. 3:13-cv-00055-MMA-DHB, the district judge dismissed plaintiff's complaint

7    with leave to amend, finding that it failed to state a claim.  Dkt. 34-1, Ex. A at 3-7.  Instead of

8    filing an amended complaint, plaintiff's voluntarily dismissed the case.  *Id.* at 8-9.

9          Defendants argue that this dismissal constitutes a strike under section 1915(g) because "[a]

10   prisoner may not avoid incurring strikes simply by declining to take advantage of opportunities to

11   amend."  Dkt. 12 at 6.  Defendants point out that other "[d]istrict courts have held that voluntary

12   dismissals entered after a court had already, independently dismissed the action for failure to state

13   a claim count as strikes.  *Id.* (citing *Williams v. Navarro*, 2018 WL 4489683, at *3 (S.D. Cal. Sept.

14   19, 2018) (counting a voluntary dismissal as a strike when the case was voluntarily dismissed after

15   the Court had previously dismissed the case for failure to state a claim with leave to amend);

16   *Chambers v. Laske*, 2018 WL 3219649, at *7 (C.D. Cal. May 11, 2018) (finding the same)).  The

17   Court disagrees with defendants, as explained below.

18         In Case No. 3:13-cv-00055-MMA-DHB, as mentioned, the district judge found that

19   plaintiff failed to state a claim, and dismissed plaintiff's complaint with leave to amend.  Dkt. 34-

20   1, Ex. A at 3-7.  Rather than filing an amended complaint, plaintiff subsequently filed a notice of

21   voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), in which he requested that

22   his complaint be voluntarily dismissed.  The docket sheet for Case No. 3:13-cv-00055-MMA-

23   DHB shows no further entries after plaintiff's notice for voluntary dismissal.  *See id.* at 4-5.

24   Because the record shows that Case No. 3:13-cv-00055-MMA-DHB was closed, this Court

25   assumes that the district judge accepted plaintiff's request for voluntary dismissal pursuant to Rule

26   41(a), and dismissed the action without prejudice by operation of law.  *See id.*

27         Because section 1915(g) does not distinguish between dismissals with or without

28   prejudice, a dismissal without prejudice may count as a strike.  *See O'Neal v. Price*, 531 F.3d

United States District Court
Northern District of California

1146, 1154 (9th Cir.2008).  However, "under Rule 41(a)(1)(I), 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment.'"  *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir.1999) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir.1997)).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."  *Id.* at 1078.

The Court points out that other district courts have held that a voluntary dismissal does ***not*** constitute a strike under section 1915(g).  *See Williams v. Grannis*, 2008 WL 4078664, *4 (E.D. Cal. 2008) (finding that voluntary dismissal did not constitute a strike under section 1915(g)); *see also Jones v. Eller*, 2018 WL 1801254, at *3 (C.D. Cal. Jan. 22, 2018) (noting that two stipulated voluntary dismissals did not constitute strikes pursuant to § 1915).  Therefore, the Court finds that defendants have failed to meet their burden of establishing that the voluntary dismissal of Case No. 3:13-cv-00055-MMA-DHB constitutes a dismissal for a qualifying reason under section 1915(g), and therefore it does not count as a strike.  *See Andrews I*, 398 F.3d at 1120.

### 2.  Case No. 3:13-cv-3006-CAB-RBB – First Strike

In Case No. 3:13-cv-3006-CAB-(RBB), the district judge dismissed plaintiff's complaint with leave to amend on December 27, 2013, finding that the complaint was frivolous and failed to state a claim.  Dkt. 34-1, Ex. B at 4-11.  Nothing in the record shows that plaintiff filed an amended complaint.  *See id.* at 2-3.  Thereafter, the record shows that the case was closed.  *See id.*

When a court dismisses a complaint with leave to amend, the dismissal does not count as a strike because the suit continues.  *Lomaz v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 n.4 (2020).  However, when the district court dismisses a complaint for failure to state a claim and grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under section 1915(g).  *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("*Harris II*").

Here, the record shows that the district court dismissed the complaint as frivolous as well as for failure to state a claim, ***and*** that plaintiff failed to file an amended complaint; therefore, it counts as a strike.  *See id.*  Plaintiff fails to provide persuasive evidence that rebuts the showing by

United States District Court
Northern District of California

defendants that dismissals of the complaint as frivolous and for failure to state a claim constitute qualifying reasons for a strike under section 1915(g). Therefore, the Court finds that defendants have met the burden of establishing that Case No. 3:13-cv-3006-CAB-(RBB) was dismissed for qualifying reasons under section 1915(g), and therefore counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 3.   Case No. 3:13-cv-02573-WQH-JLB (S.D. Cal.) – Second Strike

In Case No. 3:13-cv-02573-WQH-JLB, the district judge dismissed with leave to amend plaintiff's Second Amended Complaint on the basis that it failed to state a claim. *See* Dkt. 34-1, Ex. C at 11-28. Having received no third amended complaint more than a month after the filing deadline, the district judge enter another order dismissing the action without prejudice for failing to state a claim, and failing to comply with the previous aforementioned order. *Id.* at 29-33. Plaintiff appealed, and the Ninth Circuit affirmed dismissal. *See id.* at 8-9. Defendants again argue that the dismissal in Case No. 3:13-cv-02573-WQH-JLB constitutes an additional strike for the purposes of section 1915. Dkt. 12 at 7 (citing *Harris II*, 863 F.3d at 1143). Plaintiff has not challenged defendants' assertion. Therefore, defendants have met the burden of establishing that Case No. 3:13-cv-02573-WQH-JLB counts as a strike. *See Andrews I*, 398 F.3d at 1120.

### 4.   Case No. 3:19-cv-00153-DMS-RBB – Third Strike

In Case No. 3:19-cv-00153-DMS-RBB, the district judge denied plaintiff's motion to proceed IFP, finding that he had accumulated "three strikes" before filing the lawsuit. Dkt. 34-1, Ex. D 3-8. The court also screened the complaint, and dismissed the action as frivolous. *Id.* at 8-9.

The Ninth Circuit has held that a case is "dismissed" for the purposes of section 1915(g) "when the court denies the prisoner's application to file the action without prepayment of the filing fee on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint." *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008). When a district court disposes of an IFP complaint on such grounds, the complaint is "dismissed" for the purposes of section 1915(g) "even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." *Id.* at 1153

1   (finding that the district court necessarily reviewed the complaints and made an assessment on

2   their merits in making the determination whether the actions qualified for IFP status).  This was

3   indeed the case in Case No. 3:19-cv-00153-DMS-RBB, wherein the district judge of the Southern

4   District denied plaintiff's request to proceed IFP *and* also dismissed the complaint was frivolous.

5   Dkt. 34-1, Ex. D 3-8.  Therefore, the aforementioned decision in Case No. 3:19-cv-00153-DMS-

6   RBB constitutes a qualifying strike under section 1915(g).  *See Andrews I*, 398 F.3d at 1120.

7       In sum, three of four plaintiff's aforementioned dismissals constitute "strikes" under

8   section 1915(g).[2]  Thus, plaintiff's IFP status must be revoked unless he can show that he is

9   entitled to the imminent danger of serious physical injury exception under section 1915(g).

## C.   Imminent Danger Exception

11      A plaintiff barred from bringing an action IFP because he has three strikes may still

12  proceed without prepaying court fees if he can show he is "under imminent danger of serious

13  physical injury."  28 U.S.C. § 1915(g).  The availability of the exception turns on the "conditions a

14  prisoner faced at the time the complaint was filed, not at some earlier or later time."  *Andrews v.*

15  *Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*").  As this is merely a "threshold

16  procedural" question, the Ninth Circuit has indicated that district courts should not conduct an

17  overly detailed inquiry into whether a particular danger is serious enough under the serious

18  physical injury prong.  *Id.* at 1055.  Rather, "the exception applies if the complaint makes a

19  plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time

20  of filing."  *Id.*  In order to satisfy the imminence prong, the prisoner must allege that the danger is

21  ongoing.  *See id.* at 1056-57.

22      A district court should liberally construe the allegations in a complaint filed by a *pro se*

23  prisoner facing a section 1915(g) bar.  *See McAlphin v. Toney*, 281 F.3d 709, 710-11 (8th Cir.

24  2002) (liberally construing allegations in complaint for initial determination of whether prisoner is

25  under imminent danger of serious physical injury).  It is sufficient if any part of the complaint

26  _____

27      [2] The Court points out that even if it has found above that the voluntary dismissal in Case
    No. 3:13-cv-00055-MMA-DHB did not constitute a strike, only *three* prior dismissals need
28  qualify under section 1915(g).  As shown above, the Court reviewed plaintiff's three other
    dismissals and determined that they all qualified as strikes under section 1915(g).

United States District Court
Northern District of California

plausibly alleges that the prisoner is in imminent danger of serious physical injury at the time of filing. *Andrews II*, 493 F.3d at 1053.

Here, the question is whether plaintiff was in imminent danger on June 16, 2020, the date he filed his complaint. The Court finds that plaintiff's allegations fail to show that he was. As mentioned above, plaintiff alleged in his complaint that his claims stem from a May 20, 2019 incident, which was almost a *year* prior to the filing of the complaint. The Court notes that plaintiff's complaint does not allege that he faced an imminent danger of serious physical injury at the time he filed his complaint. *See generally* Dkt. 1. Therefore, plaintiff has not shown that he is entitled to the imminent danger exception under section 1915(g) to avoid dismissal without prejudice. Plaintiff's IFP status is therefore revoked. *See Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (revoking IFP status on appeal on three strikes grounds); *Patton v. Jefferson Corr. Center*, 136 F.3d 458, 461, 465 (5th Cir. 1998) (district court correctly revoked IFP upon discovering on remand that plaintiff had five prior strikes). Accordingly, the Court GRANTS defendants' motion to revoke plaintiff's IFP status, and to dismiss the action without prejudice. Dkt. 12.

## IV.    CONCLUSION

For the reasons outlined above, the Court orders as follows:

1.    Defendants Florez, Alba, and Carrillo have filed motions to join defendant Villanueva's motion to revoke plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkts. 18, 22, 24. Defendants Florez, Alba, and Carrillo motions are GRANTED, and the joinder is accepted.

2.    This Court GRANTS defendants' request for judicial notice of the court documents provided in support of the motion to dismiss on the grounds that plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g). Dkt. 34-1.

3.    The Court GRANTS defendants' motion to revoke plaintiff's IFP status, pursuant to 28 U.S.C. § 1915(g), and to dismiss the action without prejudice. Dkt. 12. Leave to proceed IFP is REVOKED, and the Court's January 15, 2021 Order granting plaintiff IFP status (Dkt. 5) is VACATED.

4.      This case is DISMISSED without prejudice to plaintiff's filing a motion to reopen no later than **twenty-eight (28) days** from the date of this Order accompanied by the full filing fee of $402.00.  *See* 28 U.S.C. § 1915(g).  **If plaintiff fails to file a motion to reopen and pay the full filing fee within the twenty-eight-day time frame, then he may pursue his claims by filing a *new* civil rights case in which he pays the full filing fee.**

5.      The Clerk of the Court shall terminate all remaining pending motions as moot (dkts. 13, 19, 21, and 25).

6.      The Clerk shall also close the case.

7.      This Order terminates Docket Nos. 12, 13, 19, 21, and 25.

IT IS SO ORDERED.

Dated: November 30, 2021

_____
HON. YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

10